UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFREY J. ROSARIO,

    Petitioner,

v.                                        Case No.  4:24-cv-215-MW-MJF

RICKY D. DIXON,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Jefrey J. Rosario, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 10. The undersigned concludes that the amended petition should be dismissed summarily for lack of jurisdiction because the amended petition is an unauthorized "second or successive" habeas corpus application.

**I. BACKGROUND**

Rosario (DC #N21076) is an inmate of the Florida Department of Corrections currently confined at the Franklin Correctional Institution. Doc. 10 at 1. Rosario's habeas petition challenges his judgment of

conviction and sentence for two counts of attempted second-degree murder, the result of a jury verdict in the Second Judicial Circuit Court in and for Leon County, Case No. 2011-CF-02123A. *Id.* at 1, 8, 14. Rosario claims that the state trial judge was "not in fact a judge" and the state trial court lacked jurisdiction. *Id.* at 2–4.

Rosario—represented by counsel—previously filed a § 2254 petition in this District Court challenging the same judgment. *See Rosario v. Dixon*, No. 4:21-cv-226-MW-MAF (N.D. Fla). The District Court dismissed that § 2254 petition on the merits and granted Rosario a certificate of appealability. *Rosario v. Sec'y, Fla. Dep't of Corr.*, No. 4:21CV226-MW/MAF, 2022 WL 2439459, at *1 (N.D. Fla. July 5, 2022) (concluding that reasonable jurists could debate "whether Petitioner was prejudiced by counsel's deficient performance in failing to object to the state trial court's erroneous 'unlawful activity' instruction" should be resolved in a different manner). The Eleventh Circuit affirmed the District Court's dismissal of Rosario's counseled petition. *Rosario v. Sec'y, Fla. Dep't Corr.*, No. 22-12574, 2023 WL 8801497 (11th Cir. 2023). Rosario now seeks to challenge the same judgment a second time.

## II. DISCUSSION

"Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Rosario's present § 2254 petition is a "second or successive" habeas corpus application. Rosario does not allege or show that he obtained the Eleventh Circuit's authorization to file this petition. Rosario's failure to

receive the requisite authorization *before* filing his present habeas petition operates as a jurisdictional bar that requires dismissal of this case. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The amended petition for writ of habeas corpus, Doc. 5, challenging Rosario's judgment of conviction and sentence in *State of Florida v. Jefrey Rosario*, Leon County Circuit Court Case No. 2011-CF-002123A, be **DISMISSED** without prejudice for lack of jurisdiction.

2. The clerk of court close this case file.

At Pensacola, Florida, this 24th day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and**

recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.